An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-689

Filed 5 August 2026

Iredell County, Nos. 21CR052639-480, 21CR052308-480, 21CR052310-480, 21CR052313-480, 21CR052399-480, 21CR052400-480

STATE OF NORTH CAROLINA

      v.

NICHOLAS DALE JOHNSON

Appeal by defendant from judgments entered 29 October 2024 by Judge Mike Adkins in Iredell County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Lorin G. Page, for the State.*

> *Samulski Law PLLC, by Richard J. Samulski, Jr., for defendant.*

PER CURIAM.

Nicholas Dale Johnson ("defendant") appeals from judgments revoking his probation. Defendant contends the trial court abused its discretion by imposing an active sentence rather than allowing him the opportunity to participate in a substance abuse treatment program. For the following reasons, we discern no error.

I.      <u>Background</u>

On 8 December 2021, defendant was indicted by an Iredell County Grand Jury for several felony and misdemeanor offenses of breaking and entering, identity theft, and larceny. At a hearing on 3 March 2022, defendant pled guilty, pursuant to a plea arrangement with the State, to these offenses in Iredell County Superior Court, the Honorable Joseph N. Crosswhite presiding. Furthermore, defendant applied and gained acceptance to Triangle Residential Options for Substance Abusers, Inc ("TROSA"), a two year, highly successful substance abuse program.

Judge Crosswhite imposed active, consecutive sentences for a prior violation of probation comprised of one term of 17 to 30 months' imprisonment and one term of 8 to 19 months, with a recommendation for a substance abuse treatment program while in custody. Following this, Judge Crosswhite entered judgments and commitments placing defendant on supervised probation for 60 months and imposing suspended, consecutive sentences of one term of 17 to 30 months' imprisonment and five terms of 10 to 21 months' imprisonment to be completed after serving his active sentence. The sentencing court also ordered defendant to pay $63,638.18 in restitution to the victims of his larceny spree.

In the month following the defendant's release from prison in February of 2024, defendant was charged with possession of methamphetamine and misdemeanor larceny. Probation violation reports were filed on 2 April 2024, alleging that defendant had willfully violated the conditions of his probation, and defendant was subsequently arrested on 7 April 2024.

The hearing occurred on 29 October 2024 in Iredell Country Superior Court, Judge Mike Adkins presiding. After admitting to the willful violations of probation, defendant requested that the court allow him to participate in TROSA as part of the remedy for the new charges. The trial court determined that the defendant's probation be revoked and entered judgement activating the defendant's suspended sentences. The defendant gave an oral notice of appeal on 1 November 2024.

## II.  Discussion

Defendant contends that that trial court abused its discretion by revoking defendant's probation and activating his sentences rather than letting him seek treatment for his substance abuse problem through participation in TROSA. For the revocation of probation, "the decision of the trial court is reviewed for abuse of discretion." *State v. Murchison*, 267 N.C. 461, 464 (2014). A court abuses its discretion when "the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.'" *State v. Peterson*, 361 N.C. 587, 602 (2007) (quoting *State v. Elliott,* 360 N.C. 400, 419 (2006)).

N.C. Gen. Stat § 15A-1344 authorizes trial court judges to determine if "probation may be reduced, terminated, continued, extended, modified, or *revoked* . . . where the probationer violates probation . . . ." (emphasis added). While a "trial court is not obligated to activate [a] defendant's sentence" in the case of a willful violation of probation, a decision to activate a sentence falls firmly within the statutorily authorized bounds of the trial court's discretion. *State v. Arnold*, 169 N.C.

App. 438, 441 (2005). The defendant argues that despite this authorization, because "[t]he court may impose conditions of probation reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so[,]" the trial court's failure to allow the defendant to seek treatment for his substance abuse problem is manifestly unsupported by reason. N.C. Gen. Stat. § 15A-1343(a).

The defendant has failed to point us to any controlling authority that supports this argument. In *State v. Pettiford*, a similar case before this Court upholding a trial court's decision to revoke probation after a willful violation, the Court noted the following:

> We note that an alternative, more fitting means of punishment may have been more appropriate for the Defendant due to his age and the circumstances surrounding the violation; nonetheless, we hold that the trial court's decision to revoke Defendant's probation and to activate Defendant's sentence was not so devoid of reasoning or so arbitrary as to be considered an abuse of discretion.

282 N.C. App. 202, 206–207 (2022).

In the instant case, even if a decision that included treatment for defendant's substance abuse may arguably been more appropriate given the circumstances, the activation of defendant's sentence was not so manifestly unsupported by reason as to constitute an abuse of discretion.

III    Conclusion

- 4 -

For the foregoing reasons, we hold that the trial court did not abuse its discretion in its decision to activate defendant's sentences.

NO ERROR.

Panel Consisting of Judges ARROWOOD, HAMPSON, and FREEMAN.

Report per Rule 30(e).